332

R. H. HAZLETT, PETITIONER, *v.* COMMISSIONER OF INTERNAL
REVENUE, RESPONDENT.

Docket No. 9441.   Promulgated January 28, 1928.

*H. E. Lunsford, Esq.*, for the petitioner.
*O. Bennett, Esq.*, for the respondent.

336

**OPINION.**

LANSDON: The petitioner's contention that the amount of $250,000 received as set forth in our findings of fact was a return of capital requires no discussion. We have already decided that in such circumstances amounts so received are advance payments of rental or royalty. The principles upon which we based this conclusion are fully stated and the supporting law is copiously cited in our prior decision. *Appeal of Nelson Land & Oil Co.*, 3 B. T. A. 315. The second contention of the petitioner must likewise be decided adversely to him on the authority of *Henry L. Berg* v. *Commissioner*, 6 B. T. A. 1287.

To support his claim for depletion of the bonus received in connection with the Gypsy leases, the petitioner relies on the following provision of section 214 of the Revenue Act of 1921:

SEC. 214. (a) That in computing net income there shall be allowed as deductions: * * *

(10) * * * *Provided further,* That in the case of mines, oil and gas wells, discovered by the taxpayer, on or after March 1, 1913, and not acquired as the result of purchase of a proven tract or lease, where the fair market value of the property is materially disproportionate to the cost, the depletion allowance shall be based upon the fair market value of the property at the date of the discovery, or within thirty days thereafter: * * *. In the case of leases the deductions allowed by this paragraph shall be equitably apportioned between the lessor and lessee.

For administrative purposes, the statute cited above is interpreted in article 215 of Regulations 62 as follows:

*Depletion—Adjustments of accounts based on bonus or advanced royalty.—* (a) Where a lessor receives a bonus or other sum in addition to royalties, there shall be allowed as a depletion deduction in respect of the bonus an amount equal to that proportion of the cost or value of the property on the basic date which the amount of the bonus bears to the sum of the bonus and the royalties expected to be received. Such allowance shall be deducted from the amount remaining to be recovered by the lessor through depletion, and the remainder is recoverable through depletion deductions on the basis of royalties thereafter received.

If the petitioner is entitled to depletion under the law and regulations as set forth above, the amount thereof must be determined by the application of section 234 of the Revenue Act of 1921, which establishes three bases for the computation of depletion: The value of the natural resources at March 1, 1913; the cost of such property if acquired subsequent to that date; or the discovery value. In the instant proceeding, there is no value at March 1, 1913, other than that of the land for agricultural purposes, which is not a factor in this controversy. There is no cost which may be ascribed to the natural resources in question.

*Judgment will be entered for the respondent.*